WOODS LUMBER COMPANY *v.* F. S. HALL, COMMISSIONER, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed, March 16, 1929.

W. P. BIGGS and CANADA, WILLIAMS & RUSSELL, for appellant.

BATES, SHEA & FRAZER, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed to recover excise taxes and penalties paid under duress and upon protest. The chancellor dismissed the bill and complainant appealed, insisting (1)

that it is not subject to the excise tax; and (2) if it is, the penalty should not be exacted because there was reasonable ground for dispute and the refusal to pay was not wilful. The case was presented upon an agreed state of facts. Complainant is a corporation engaged in the manufacture and sale of lumber. The company's total sales of lumber ending July 1, 1924, was 6,773,125 feet for $427,-268.35, of which $290,298,94 was for sales beyond the State, and $136,969.41, or 32,057%, for sales in the State; for the year ending July 1, 1925, total sales 11,418,160 feet for $632,342.58, of which $470,390.71 was for sales beyond the State, and $164,951.87, or 38.33% within the State; for year ending July 1, 1926, total sales 12,964,700 feet for $668,717.42, of which $473,269.42 was for sales beyond the State, and $195,447, or 34.16% within the State.

The complainant manufactured all the lumber sold at its plant in this State, from logs, each of which contributed its share to the production of the several grades of lumber, including culls and offal. It was impossible to produce the higher grades sold beyond the State without obtaining as a result of the process of manufacture the lower grades, including culls. The stipulation concludes with the statement that "the lower grades and culls are by-products of the manufacture of the higher grades. The sale alone of the higher grades of lumber or the lower grades of lumber would not enable the complainant to show a profit."

The Commissioner of Finance and Taxation apportioned the profits according to the percentage of sale within and without the State, and by that method arrived at the taxable income.

460

Complainant insists, notwithstanding net profits de-· rived from its business of manufacturing and selling lumber at its plant in this State was $47,793.30 to July 1, 1924; $56,201.43 to July 1, 1925, 549,348.74 to July 1, 1926, these profits are not subject to the excise tax, because derived from interstate sales of the higher grades of lumber, while the lower grades, including culls, which were sold within the State, were manufactured at a loss.

All of complainant's profits arose from business done wholly within the State and would be taxable under chapter 21 of the Acts of 1923, if not excluded from taxation by the Act or by the interstate commerce clause of the Federal Constitution.

Section 1 of the Act excludes from taxation earnings arising from interstate commerce. The State cannot burden interstate commerce with the tax by an arbitrary method of allocating profits and loss, nor can the tax payer escape the tax by a like arbitrary allocation. The apportionment must be upon a reasonable basis. The complainant was not operating a plant for the exclusive manufacture of higher grades of lumber for special sale beyond the State nor was it exclusively manufacturing culls for sale within the State. It did not operate two plants nor have two departments in each of which the separate grades of lumber were manufactured and sold. It seeks to bring itself within the provision of section 1 of the Act excluding from taxation earnings arising from interstate commerce by applying a disproportionate share to the operating cost in the production of culls and inferior grades of lumber sold within the State, and by transferring profits from its business to the superior grades of lumber, most of which passed into interstate commerce.

This arbitrary allocation of profits and loss rests upon the assumption that culls, which the stipulation shows to be a by-product, must bear the same burden of operating cost, notwithstanding the purpose was to produce lumber of all grades, and that logs were not bought on a basis that discounted the probable loss from the development of culls as an incident of cutting the logs into lumber. By this method, each product was not made to bear its share of the relative cost of operating the business of a manufacturer and dealer in lumber. On the contrary, the company related operating costs to the mechanical process of assembling logs and sawing them into lumber.

It insists that culls were produced at a loss and determined this by running the annual production of lumber, worthless and otherwise, through the total cost of production, including costs of logs, and charged the result equally to grades and culls without regard to their value.

Under the Act, earnings arising from business done wholly within the State, excluding earnings arising from interstate commerce, were excisable. The statute conferred upon the Commissioner of Finance and Taxation authority to ascertain profits subject to the tax, and in doing that he could exercise a reasonable discretion in ascertaining the net income derived from business done within the State. It was necessary and proper for him to apportion the profits because all of complainant's sales contributed to a proportionate share of the profits realized from the sale of all the products. The cost of producing culls and offal was proportionately less than the cost of producing the higher grades, and it was proper to consider such proportions.

462

(1) We concur with the chancellor that the profits should be fairly apportioned and that was done by the Commissioner according to the ratio of sales within the State to the total sales in determining the profits within the State in ascertaining the amount subject to taxation. The method adopted by the State was fair and reasonable. Each grade and the culls were made to bear its relative share of operating and production cost. The decree of the chancellor is affirmed.

(2) The facts and circumstances appearing in the record do not authorize a remission of the penalty.